```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CALVIN BATTLES,                          :       BROOKLYN OFFICE
                                         :
                      Plaintiff,         :
                                         :       MEMORANDUM & ORDER
          -against-                      :
                                         :       14-cv-1399 (ENV)
THOMAS LaVALLEY,                         :
                                         :
                      Respondent.        :
                                         :
                                         :
-----------------------------------------------------------x
```

VITALIANO, D.J.,

On August 23, 2013, petitioner Calvin Battles, proceeding *pro se*, made an application in this Court for a writ of *habeas corpus*, challenging his 2006 judgment of conviction entered in Supreme Court, Kings County. See Battles v. LaValley, 13-cv-4918 (E.D.N.Y.) (ENV). In response to an Order to Show Cause entered in the prior case regarding the timeliness of his petition, Battles acknowledged that he had an appeal pending in the Appellate Division, Second Department. That pending appeal, on its face, would have both tolled the applicable statute of limitations and rendered his claim unexhausted. Accordingly, in a Memorandum & Order, dated November 20, 2013, the Court dismissed Battles' petition without prejudice so that he could complete exhaustion in state court. (See, id., Dkt. # 6.) On February 27, 2014, Battles filed the instant petition, challenging the same conviction as his prior petition.

It was presumed, as one might imagine, that in line with the dismissal order,

1

he had returned to federal court because he had completed exhaustion of actionable state relief. However, on April 14, 2014, Battles filed a motion to stay these proceedings because, according to Battles, his appeal in the Second Department still remains unexhausted. (See Motion to Stay, Dkt. #5, at 4.)

A district court may grant an application for a writ of *habeas corpus* sought by a state convict only, if "it appears that the applicant has exhausted the remedies available in the court of the State." 28 U.S.C. § 2254(b)(1)(A); Caravajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011). As Battles claims that his state court remedies are unexhausted, it is appropriate that the second petition be dismissed like the first. Upon exhaustion, a refreshed petition may be filed should Battles ultimately fail in state court. Battles is warned that he should not return to federal court again until exhaustion of his state court claims is complete. While it is solely his obligation to ensure that his petition be timely filed, but it is also his obligation to know when his state remedies have been exhausted.

## Conclusion

For the reasons set forth above, the instant petition for a writ of habeas corpus is dismissed without prejudice to its timely refiling upon the exhaustion of petitioner's state court remedies. A stay in lieu of dismissal, given petitioner's description of the status of state court proceedings, is inappropriate.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is ordered to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
May 15, 2014

/S/ Judge Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge